MORSON v. MONROE CIRCUIT JUDGE.

1. MARRIAGE—CHANGE OF RECORD—CIRCUIT JUDGES.
   A circuit judge has authority to make an order changing a marriage record upon a proper showing being made therefor.

2. SAME—CHANGE OF RECORD—PARTIES.
   In a proceeding to change a marriage record upon the petition of one party to the marriage, the other party thereto should be made a party to the proceedings.

3. MANDAMUS—CHANGE OF MARRIAGE RECORD—PARTIES.
   Mandamus will not be granted to compel a circuit judge to change the name of a marriage record on a husband's application where the judge afforded petitioner an opportunity to make the wife a party to the proceedings and the husband did not do so.

4. MARRIAGE—CHANGE OF NAME IN RECORD—PROCEDURE.
   An order to change name on a marriage record, made after giving proper notice, holding of hearing and presentation of sufficient showing, need not require the record itself to be altered but shall determine identity of person seeking change as person whose name appears in record, and a certified copy of the order placed with the record.

5. Costs—Public Question—Change of Marriage Record.
 No costs are allowed in mandamus proceeding to compel a circuit judge to sign an order changing a marriage record, a matter of public interest being involved.

Petition for mandamus by Thomas Morson to compel Clayton C. Golden, Monroe Circuit Judge, to sign an order correcting a marriage record. Submitted June 5, 1945. (Calendar No. 42,745.) Writ denied October 11, 1945.

*Joseph Mazer,* for plaintiff.

Reid, J. Plaintiff files his petition for mandamus against the defendant circuit judge to require the circuit judge to sign an order correcting a marriage record.

Plaintiff was born in a foreign country and was christened Andon Pandob. He was made a citizen of the United States in a naturalization proceeding on March 5, 1928, contemporaneously with which he adopted, with the consent of the naturalization authorities, the name of Thomas Morson, by which name he has been known and designated ever since. In the summer, of 1934 he became engaged to marry his present wife, whose name was Mildred Sterff. Both plaintiff Morson and his wife are members of the Greek Orthodox church. Plaintiff was given to understand that the rules of that church required that the license should identify plaintiff as Andon Pandob, by which name he had been christened, instead of the name of Thomas Morson, plaintiff's lawfully adopted name. In applying for his marriage license on October 25, 1934, plaintiff set forth his name as Andon Pandob without any reference to the name of Thomas Morson. Plaintiff says that he has since discovered that the church regulations do not require the use of the name by which he was

christened.   There is a child of the marriage who is now of school age.   Plaintiff further says that the name Morson is the only surname ever used by his wife since their marriage and the only surname used by their child.

Upon testimony being offered on the hearing before the circuit judge of the facts as above set forth, the circuit judge declined to make the order petitioned for, and in his answer says, "Defendant denies that such nondiscretionary requirement has legal existence in the State of Michigan."

We are of the opinion that the circuit court in chancery because of its broad powers has jurisdiction in a proper proceeding to make an order such as is sought in the instant case.   However since the wife of the petitioner is fully as much interested as the petitioner himself in the marriage record which is sought to be corrected, she should have been made a party to the proceedings.   This could have been accomplished by the wife joining in the petition for the relief sought, or if she is unwilling to join in making the petition she should be made a party defendant in the proceedings.   In the latter event she should be served with notice of the proceedings and unless she appears therein proof of such service should be made.   As we understand this record, at the hearing in the circuit court the circuit judge indicated to counsel for petitioner that the relief sought could not be granted *ex parte,* but instead the wife should be made a party to the proceedings. Counsel for petitioner did not comply with this suggestion or direction of the trial court; and it was for that reason the petition was dismissed.   Under such circumstances we decline to issue the writ of mandamus.

The practice in this kind of proceedings in this jurisdiction is quite without precedent; and we are

therefore constrained to remand the proceedings to the circuit court in chancery for Monroe county and afford the petitioner an opportunity to amend the proceedings in the manner hereinbefore indicated. Thereupon, if the testimony is sufficient, the order sought by petitioner should be made with provision that a certified copy thereof be placed in the marriage record of petitioner, such order to determine the identity of plaintiff as the person whose name now appears in the marriage record as Andon Pandob. The instant proceedings being a matter of public interest, no costs are awarded.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred. The late Justice WIEST took no part in the decision of this case.